IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**MATTHEW ALLEN WILKS,**

  **Plaintiff,**

v.                Case No. 3:18-cv-01401

**JOHN SLOAN; and**
**WESTERN REGIONAL JAIL,**[1]

  **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

On November 2, 2018, Plaintiff Matthew Allen Wilks ("Wilks"), proceeding *pro se* and incarcerated at the Western Regional Jail and Correctional Facility ("Jail") in Barboursville, West Virginia, filed a complaint under 42 U.S.C. § 1983, alleging that the Jail had failed to protect him from Defendant John Sloan ("Sloan"), a correctional officer at the Jail. (ECF No. 2). Wilks claims that Sloan threatened him, enlisted inmates to assault him, attempted to read his legal papers, tried to plant contraband in his cell, and freely discussed Wilks's criminal charges with others. For relief, Wilks requests monetary compensation and asks that the Jail be reprimanded for putting him in danger. (*Id.*). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by standing order has been referred to the undersigned United States Magistrate Judge for total pretrial management and submission of proposed findings of fact and

---

[1] The Western Regional Jail is now the Western Regional Jail and Correctional Facility.

recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

Pending before the Court are the Motion to Dismiss of Defendant Western Regional Jail and Correctional Facility, (ECF No. 11), and the Motion to Dismiss of John Sloan. (ECF No. 13). Both Defendants argue that the complaint should be dismissed under Fed. R. Civ. P. 12(b)(6), because Wilks fails to state discernible and plausible claims against them. Having thoroughly considered the motions, the undersigned **FINDS** that Defendants are entitled to the relief they seek. Therefore, the undersigned respectfully **RECOMMENDS** that the presiding District Judge **GRANT** the Motion to Dismiss of Defendant Western Regional Jail and Correctional Facility, (ECF No. 11), and the Motion to Dismiss of John Sloan, (ECF No. 13); **DISMISS** the complaint, with prejudice; and **REMOVE** this case from the docket of the Court.

## I.   Relevant History

On November 2, 2018, Wilks filed the aforementioned complaint, as well as an Application to Proceed Without Prepayment of Fees and Costs. (ECF Nos. 1, 2). On November 7, 2018, the undersigned granted the Application and ordered the Clerk to issues summonses. (ECF No. 4). Summonses were issued and provided to the United States Marshals Service for delivery to the defendants. (ECF Nos. 5, 6). The Marshals Service effected service of process on November 28, 2018. (ECF Nos. 9, 10).

On December 19, 2018, Defendants filed their Motions to Dismiss, arguing that the complaint failed to state a compensable claim. (ECF Nos. 11, 13). The following day, the undersigned issued an Order giving Wilks until January 17, 2019 in which to file a response in opposition to the Motions to Dismiss. Wilks did not file a response to either motion.

On April 17, 2019, the undersigned set a status conference in the case. (ECF No. 22). The status conference proceeded as scheduled on May 1, 2019. (ECF No. 23). At the conference, Wilks was questioned regarding the events that gave rise to his complaint. Wilks indicated that when Sloan was working as a correctional officer at the Jail, he threatened Wilks, told other inmates about the nature of the charges against Wilks, and encouraged inmates to assault him. Sloan had access to information regarding Wilks's criminal charges, because Sloan's child was an alleged victim of Wilks.

Wilks stated that he approached various officials at the Jail, explaining Sloan's connection to his criminal case and complaining about Sloan's employment and assignment to the pod where Wilks was housed. Wilks expressed concern that Sloan's presence in the pod placed Wilks in grave danger of retaliation and harm. However, instead of correcting the situation by reassigning Sloan to another pod, the Jail officials told Wilks that the Jail was short-staffed, and they could not accommodate his concerns. Wilks asserts that he endured Sloan's threats, living in fear of being harmed, until Sloan left the employ of the Jail in July 2018. When asked about his injuries, Wilks confirmed that Sloan never physically harmed him, nor did any of the inmates enlisted to do so by Sloan. In addition, Wilks was never punished or disciplined for any of the articles that Wilks believed Sloan was trying to plant in Wilks's cell. Nevertheless, Wilks claims that he was emotionally distressed by Sloan's presence and threats, and by his publication of details concerning Wilks's criminal case.

## II.    Standard of Review

Defendants seek dismissal under Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) permits the court to dismiss a complaint that fails to state a claim upon which relief may be granted. A complaint fails to state a claim when, viewing the factual allegations as true and in the

light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp v. Twombly,* 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). The Supreme Court further explained the "plausibility" standard in *Iqbal*, stating:

> The plausibility standard is not akin to a "probability requirement," but asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal,* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 1955) (internal citations omitted). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal,* 556 U.S. at 679. Determining whether a complaint states a facially plausible claim for relief is a "context-specific task that requires the court to draw on its judicial experience and common sense." *Id.* (citing *Iqbal v. Hasty,* 490 F.3d 143, 157–158 (2nd Cir. 2007)).

In deciding a Rule 12(b)(6) motion, the court must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus,* 551 U.S. 89 (2007). Nonetheless, the court is not required to accept the legitimacy of legal conclusions. *Iqbal,* 556 U.S. at 678. To survive a motion to dismiss, a complaint must plead both a factual and legal basis for relief. *Id.* ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to establish a facially plausible complaint).

Courts are required to liberally construe *pro se* complaints, such as the one filed in

4

this action. *Erickson,* 551 U.S. at 94. However, even under this less stringent standard, the complaint still must contain sufficient factual allegations to support a valid legal cause of action. *Bass v. E.I. Dupont de Nemours & Co.,* 324 F.3d 761, 765 (4th Cir. 2003). The court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), construct the plaintiff's legal arguments for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985). A Rule 12(b)(6) motion should be granted only "'where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory.'" *Hartmann v. Calif. Dept. of Corr. & Rehab.,* 707 F.3d 1114, 1122 (9th Cir.2013) (citing *Mendiondo v. Centinela Hosp. Med. Ctr.,* 521 F.3d 1097, 1102 (9th Cir.2008)).

### III. Discussion

Wilks files his complaint pursuant to 42 U.S.C. § 1983. Section 1983 does not confer substantive rights; rather, it provides a federal forum for causes of action based on the deprivation of civil rights guaranteed by the United States Constitution and other Acts of Congress. *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979). In order to state a viable claim under § 1983, a plaintiff must show that: (1) a person deprived him of a federally protected civil right, privilege, or immunity and (2) that the person did so under color of State law. *See American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50-52 (1999) (emphasis added). If either of these elements is missing, the complaint fails to state a claim for relief under 42 U.S.C. § 1983.

At all relevant times, Wilks was a pretrial detainee at the Jail. Courts analyze conditions of confinement claims asserted by pretrial detainees under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Bell v. Wolfish*,

441 U.S. 520, 534 n. 16 (1979)). In cases that assert a failure-to-protect, or describe prison conditions that constitute cruel and unusual punishment, "[t]he constitutional protections afforded a pretrial detainee as provided by the Fourteenth Amendment are co-extensive with those provided by the Eighth Amendment." *Barres v. Wilso,* 110 F. Supp. 2d 624, 629 (D. Md. 2015) (citing *Bell*, 441 U.S. at 535); *see also Young v. City of Mt. Ranier*, 238 F.3d 567, 575 (4th Cir. 2001) ("Pretrial detainees are entitled to at least the same protection under the Fourteenth Amendment as are convicted prisoners under the Eighth Amendment."), *and King–Fields v. Leggett,* Civ. Action No. ELH–11–1491, 2014 WL 694969, at *10 (D. Md. Feb. 19, 2014) (holding that "[a] failure-to-protect claim brought by a pretrial detainee constitutes a due process claim under the Fourteenth Amendment, but the same standards apply as for an Eight Amendment claim brought by a convicted prisoner.").

The Eighth Amendment to the United States Constitution requires prison officials to fulfill "certain basic duties"; including, the duty to take "reasonable measures to guarantee the safety of the inmates." *Raynor v. Pugh*, 817 F.3d 123, 127 (4th Cir. 2016) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). Notwithstanding this duty, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson,* 832 F.2d 950, 954 (6th Cir. 1987). Similarly, not every injury suffered by a prisoner translates into a constitutional violation. *Farmer,* 511 U.S. 825 at 833-34. To succeed on a claim for failure-to- protect, a prisoner must show: (1) "that he is incarcerated under conditions posing a substantial risk of serious harm" and (2) that prison officials exhibited deliberate indifference to his health or safety. *Id.* at 834.

Furthermore, to maintain a plausible claim for money damages, a prisoner "must

6

assert and prove that a physical injury resulted from" the alleged constitutional violation. *Miller v. Clark*, No. 3:11-cv-00557, 2011 WL 6955512, at *3 n. 3 (S.D.W. Va. Dec. 9, 2011) ("Allegations of an emotional injury without an underlying physical injury are insufficient to support an award of compensatory damages.") (citing 42 U.S.C. § 1997e(e)—the Prison Litigation Reform Act ("PLRA")) The PLRA, which governs civil lawsuits brought by prisoners, explicitly provides that "no Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e. While the prisoner is not required to have suffered an extreme physical injury to satisfy this provision of the PLRA, the injury must be more than *de minimus*. *See, e.g., Flanory v. Bonn*, 604 F.3d 249, 254 (6th Cir. 2010); *Mitchell v. Horn,* 318 F.3d 523, 535 (3d Cir. 2003); *Siglar v. Hightower,* 112 F.3d 191 (5th Cir. 1997).

Wilks contends that the Jail neglected its duty to protect him from the threat posed by Correctional Officer Sloan. The Jail argues in response that Wilks fails to include allegations in the complaint which give rise to a colorable claim. The Jail is correct. Wilks does not assert any factual basis for his failure-to-protect claim against the Jail. He presumed that Sloan was a risk solely because Wilks allegedly victimized Sloan's child. However, other than Sloan talking about Wilks's case to inmates and making derogatory statements to and about Wilks, there is nothing to suggest that Sloan ever made a concerted effort to harm Wilks. "The mere fear of an attack happening is insufficient to establish a failure to protect claim." *See Wright v. Harley,* C/A No. 9:11–2839–RBH–BM, 2012 WL 1865685, *7 (D.S.C. April 24, 2012) *and Street v. Fair,* 918 F.2d 269, 271–72 (1st Cir. 1990) (finding no constitutional violation where a prisoner complained generally of being afraid after a threat with no injury). Certainly, Wilks concedes that he suffered

7

no physical injury from Sloan, or from any inmate acting on Sloan's behalf. Sloan never carried out any of his threats, or subjected Wilks to discipline, or took steps that adversely affected Wilks in a manner or to a degree not experienced by other prisoners. Indeed, the complaint is devoid of specific allegations demonstrating that Wilks was ever alone with Sloan, or that Sloan actually had an opportunity to harm Wilks. Therefore, the complaint fails to state a claim against the Jail. *Young v. Griffin*, No. CA 1:12-3009-TMC, 2013 WL 6991401, at *4–5 (D.S.C. Nov. 15, 2013), *aff'd,* 559 F. App'x 204 (4th Cir. 2014) ("Plaintiff's amended complaint does not allege that he was injured and any damages resulting from his mental distress for being worried about being attacked are not cognizable under the law.") (citing *Wright v. Harley,* 2012 WL 1865685, * 7).

  As to Defendant Sloan, Wilks likewise fails to state a claim. Wilks alleges that Sloan threatened him, enlisted inmates to assault him, attempted to plant contraband in his cell, and openly discussed Wilks's criminal charges with others at the Jail. However, no harm ever came to Wilks from any of these actions. "Mere threats or verbal abuse by prison officials, without more, do not state a cognizable claim under § 1983." *Henslee v. Lewis*, 153 F. App'x 178, 180 (4th Cir. 2005) (citing *Collins v. Cundy,* 603 F.2d 825, 827 (10th Cir. 1979)); *Langston v. Fleming*, 38 F.3d 1213 (4th Cir. 1994)(finding that a prisoner failed to state a plausible claim where he merely alleged that his life was endangered by guards informing other inmates that the prisoner was charged with rape); *Huffman v. Schevel*, No. CV GJH-16-514, 2018 WL 4599648, at *4 (D. Md. Sept. 24, 2018) ("Mere verbal abuse and taunting of inmates by guards, including aggravating language, does not state a constitutional claim."); *Goode v. Town of Kingstree*, No. CIV.A. 4:13-3158-MGL, 2015 WL 1726575, at *8 (D.S.C. Apr. 15, 2015) ("Mere threats or verbal abuse, without more, do not state a cognizable claim under § 1983."); *Stone v. Todd Cty. Det.*

*Ctr.*, No. 1:11CV-P123-M, 2012 WL 1202037, at *4–6 (W.D. Ky. Apr. 10, 2012) (holding that a prisoner failed to state a plausible Eighth Amendment claim when he alleged only that an officer "attempted to solicit inmates" to harm him (which never happened) and that supervisors failed to investigate the officer.); *Swoboda v. Dubach* 992 F.2d 286, 290 (10th Cir. 1993) (holding that allegations that officers threatened to kill an inmate were not cognizable under Section 1983). In the absence of any allegation of physical injury, Wilks fails to state the basis for monetary damages under Section 1983. In addition, Wilks's other request—that the Court reprimand the Jail—is simply not relief this Court can grant. *See Sellers v. Parker*, No. CIV.A. 2:12-2263-MGL, 2013 WL 2423996, at *6 (D.S.C. June 4, 2013) ("Finally, this Court cannot "reprimand" Defendants.") (citing *Maxton v. Johnson,* 488 F.Supp. 1030, 1032 n. 2 (D.S.C. 1980).

Therefore, the undersigned **FINDS** that Wilks fails to state a cognizable claim under the Fourteenth Amendment to the United States Constitution against either Defendant, and both Defendants should be dismissed from this civil action.

### IV.   Proposal and Recommendations

For the aforementioned reasons, the undersigned respectfully **PROPOSES** that the presiding District Judge confirm and accept the foregoing findings and **RECOMMENDS** that the Motion to Dismiss of Defendant Western Regional Jail and Correctional Facility, (ECF No. 11), be **GRANTED**; the Motion to Dismiss of John Sloan, (ECF No. 13) be **GRANTED**; the complaint be **DISMISSED**, with prejudice; and this action be **REMOVED** from the docket of the Court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code,

Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Chambers, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the parties and any counsel of record.

**FILED:** May 20, 2019

Cheryl A. Eifert
United States Magistrate Judge